UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 15-14410 JPS |
| Burt F. Jackson | ) | Chapter 7 |
| Debtor | ) | Judge Jessica E. Price Smith |
| Daniel M. McDermott United States Trustee | ) ) |  |
| Plaintiff | ) | Adv. Proceeding No. |
| vs. | ) |  |
| Burt F. Jackson | ) |  |
| Defendant | ) |  |

**COMPLAINT OBJECTING TO DISCHARGE**

Daniel M. McDermott, United States Trustee for Region 9, ("United States Trustee" or "Plaintiff") by and through his undersigned counsel, brings this action pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3) and (a)(4) requesting the Court to deny the discharge of Burt F. Jackson ("Debtor" and/or "Defendant"). In support, the United States Trustee represents as follows:

**I. Jurisdiction and Venue**

1. This adversary proceeding is brought pursuant to 11 U.S.C. § 727 and Rule 7001 of the Federal Rules of Bankruptcy Procedure to deny the Debtor his discharge. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J). Venue is proper pursuant to 28 U.S.C. §1409(a).

2. Pursuant to 28 U.S.C. § 586, the United States Trustee is mandated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 et seq. The United States Trustee has standing to be heard pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

3. Federal Rule of Bankruptcy Procedure 4004(a) states that a complaint objecting to a debtor's discharge "shall be filed no later than 60 days after the first date set for the meeting of creditors." The United States Trustee filed a motion to extend time to file a complaint objecting to discharge which was granted. The last day to file a complaint objecting to Debtor's discharge is January 11, 2016. Therefore, the filing of this complaint is timely.

## II. Facts

4. Burt F. Jackson filed a voluntary bankruptcy petition in the Northern District of Ohio on August 3, 2015 seeking to discharge his debts under chapter 7 of Title 11.

5. The United States Trustee appointed Sheldon Stein ("Trustee") to serve as the chapter 7 trustee. As such, the Trustee is an officer of the estate charged with custody of property under this title. The Trustee conducted an examination of the Defendant at the first meeting of creditors on September 11, 2015.

6. On August 3, 2015, along with the bankruptcy petition, Defendant filed schedules of debts and liabilities ("Schedules"), which were signed under penalty of perjury as well as his *Statement of Financial Affairs* ("SOFA"), which was signed under penalty of perjury.

7. On August 3, 2015, Defendant also filed a *Declaration re: Electronic Filing of Documents and Statement of Social Security* ("ECF Declaration"). The ECF Declaration was signed on August 3, 2015. In signing the ECF Declaration, Defendant swore that the information provided in the electronically filed petition, statements, and schedules, as well as in any other documents that must contain signatures, was true, correct and complete.

8. In *Schedule B*, Defendant stated that he owned $19,232 in personal property. In response to question 25, requiring Debtor to list all automobiles, trucks, trailers and other vehicles and accessories owned by him, Defendant listed a 2010 Kia Soul with 70,000 miles and a 2003 Chevy Suburban with 123,000 miles. Debtor listed the value of the 2010 Kia Soul as $7,200 and the value of the 2003 Chevy Suburban as $4,581.

9. In *Schedule D*, Defendant lists secured debts for the 2010 Kia Soul and the 2003 Chevy Suburban but no secured debts for any other vehicle.

10. According to the SOFA, in response to question 10 requiring debtors to list all other property, other than property transferred in the ordinary course of business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of the case, Defendant answered "None."

11. On September 11, 2015, Defendant appeared for the meeting of creditors required by 11 U.S.C. § 341 ("341 Meeting"). Under oath at the 341 Meeting, Defendant testified that he reviewed his Schedules and SOFA prior to filing, that they were accurate on August 3, 2015 when he signed them, and that they were accurate on the date of the 341 Meeting.

12. Under oath at the 341 Meeting, when asked by the Trustee if the Schedules and SOFA "contain a complete list of all assets, property, belongings and claims," Defendant responded "yes." Under oath at the 341 Meeting, when asked by the Trustee if there were any errors, changes, corrections or omissions to the Schedules or SOFA, Defendant responded "no."

13. Under oath at the 341 Meeting, Defendant testified that he was married. Under oath at the 341 Meeting, Trustee asked Defendant what kind of motor vehicles he had and Defendant responded that he had a 2003 Chevy Suburban and a 2010 Kia Soul. Under oath at the 341 Meeting, when asked by the Trustee what car his wife drives, Defendant answered she

drives the Kia Soul. Under oath at the 341 Meeting, when asked by the Trustee if there were any vehicles in his wife's name, Defendant answered "No, I think they are all in my name."

14. The United States Trustee requested certain documents from the Debtor. Not all of the documents were received even after multiple requests. In particular, the United States Trustee did not receive from Defendant the following: a copy of the auto insurance declaration pages; a list of income and expenses from Rallison & Associates, a business owned by Defendant; and copies of all requested bank statements.

15. Based on a record search in Lexis Nexis and the Ohio Bureau of Motor Vehicles website, Defendant owns a 2004 Chevy K15 which he failed to disclose. This vehicle is titled to the Defendant and was purchased from Fred Martin Motor Company on April 30, 2015 for $9,550. The VIN number of the vehicle is 3GNFK16Z84G314374. This vehicle was not disclosed in Defendant's Schedules or SOFA.

16. Based on a record search in Lexis Nexis and the Ohio Bureau of Motor Vehicles website, Defendant owns a 1997 Honda UAX. The vehicle is titled to the Defendant and was purchased on July 2, 2014 from Allson Casey for no consideration. The VIN number on the vehicle is 1HGEJ8142VL086972. This vehicle was not disclosed in Defendant's Schedules or SOFA.

### III. Complaint Objecting to Discharge
### Count 1
### Concealment of Asset – Chevy K15

17. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

18. 11 U.S.C. §727(a)(2)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor, with intent to hinder, delay or defraud a creditor or officer of the estate has transferred, removed, destroyed or concealed property of the estate.

19. The United States Trustee alleges that the Defendant owns a 2004 Chevy K15 which was not disclosed on Schedule B.

20. Defendant knowingly and fraudulently concealed or omitted this asset from the bankruptcy filing with intent to hinder, delay or defraud a creditor or officer of the estate.

21. The United States Trustee alleges that pursuant to 11 U.S.C. Section 727(a)(2)(A) the Court shall not grant the Defendant a chapter 7 discharge.

## Count 2
## Concealment or Transfer of Asset – Honda UAX

22. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

23. 11 U.S.C. §727(a)(2)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor, with intent to hinder, delay or defraud a creditor or officer of the estate has transferred, removed, destroyed or concealed property of the estate.

24. The United States Trustee alleges that the Defendant owns a 1997 Honda UAX which was not disclosed on Schedule B nor was a transfer of the vehicle disclosed in the SOFA.

25. Defendant knowingly and fraudulently concealed or omitted the transfer of this asset and/or the transfer of this asset from the bankruptcy filing with intent to hinder, delay or defraud a creditor or officer of the estate.

26. The United States Trustee alleges that pursuant to 11 U.S.C. Section 727(a)(2)(A) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 3
### False Oath – Testimony at 341 Meeting
### 2004 Chevy K15 and Honda UAX

27. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

28. Bankruptcy Code Section 727(a)(4)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently in or in connection with the case made a false oath or account.

29. The United States Trustee alleges Defendant knowingly and fraudulently made several false oaths at the 341 Meeting when he testified that his Schedules and SOFA were complete and accurate on the date he signed them; that his Schedules and SOFA were accurate on the date of the 341 Meeting; that there were no omissions from his Schedules and SOFA and that all of his assets and vehicles were listed.

30. Defendant knowingly and fraudulently made several false oaths at the 341 Meeting by failing to disclose an ownership interest in a 2004 Chevy K15 and in a 1997 Honda UAX.

31. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(4)(A) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 4
### False Oath –Schedules B or SOFA

32. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

33. Bankruptcy Code Section 727(a)(4)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently in or in connection with the case made a false oath or account.

34. The United States Trustee alleges Defendant knowingly and fraudulently made a false oath on his Schedules by failing to list the 2004 Chevy K15 and the 1997 Honda UAX on Schedule B or by failing to list a transfer of either in the SOFA.

35. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(4)(A) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 5
### False Oath – ECF Declaration

36. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

37. Bankruptcy Code Section 727(a)(4)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently in or in connection with the case made a false oath or account.

38. The United States Trustee alleges Defendant knowingly and fraudulently made a false oath on in his ECF Declaration by declaring under penalty of perjury that the information provided in his petition, statements and schedules, as well as any other documents was true and accurate. Defendant did not include accurate information in his Schedules and SOFA.

39. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(4)(A) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 6
### Failure to Keep or Preserve Documents

40. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

41. Bankruptcy Code Section 727(a)(3) provides that the Court shall deny the debtor a discharge if it is found that the debtor concealed, destroyed, mutilated, falsified, or failed to keep

or preserve any recorded information, from which the debtor's financial condition or business transactions might be ascertained.

42. The United States Trustee alleges that Defendant did not turn over many documents requested by the United States Trustee including a copy of the auto insurance declaration pages; a list of income and expenses from Rallison & Associates, a business owned by Defendant; and all requested bank statements. These documents are necessary to determine Defendant's financial condition and are all documents Defendant should have been able to produce.

43. The United States Trustee alleges that pursuant to 11 U.S.C. Section 727(a)(3) the Court shall not grant the Defendant a chapter 7 discharge.

**WHEREFORE**, the United States Trustee respectfully asks this Court to deny the chapter 7 discharge of Defendant Burt F. Jackson under 11 U. S. C. § 727(a)(2), (a)(3) and/or (a)(4) and for such further relief as this Court deems just and proper.

>  Respectfully submitted,
>  Daniel M. McDermott
>  United States Trustee, Region 9
>
> by: */s/ Maria D. Giannirakis*
>  Maria D. Giannirakis (#0038220)
>  Trial Attorney
>  Office of the United States Trustee
>  201 Superior Avenue East, Suite 441
>  Cleveland, Ohio 44114
>  Phone (216) 522-7800 ext. 222
>  Fax (216) 522-7193
>  Email: maria.d.giannirakis@usdoj.gov